UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CANON SOLUTIONS AMERICA, INC., a New York corporation,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>ARVIN GUNGAP, a citizen of California; SEMA, Inc., a California Corporation, CELL BUSINESS EQUIPMENT, d/b/a CBE and CBE OFFICE SOLUTIONS, a California corporation; and Does 1-25, citizens of California,<br><br>　　　　　　　　　　Defendants. | Case No.:  SACV 14-1990-JLS (RNBx)<br><br>**PRELIMINARY INJUNCTION AND ORDER FOR PRESERVATION OF EVIDENCE** |

IT IS HEREBY ORDERED, pursuant to the stipulation of the parties, as follows:

1. Until further order of the Court, Gungap, any of his agents and employees, and all other persons and entities in active concert, participation, or privity with him, shall not:

   a. Directly or indirectly use, disclose or transmit for any purpose CSA's confidential and/or proprietary information or documents, files, or data belonging to CSA, including, but not limited to: CSA's Confidential Information (as that term is defined in Gungap's Confidential Information and Intellectual Property Agreement); information pertaining to CSA accounts; CSA customer information; customer preferences; customer plans, inquiries, and bids; CSA's business dealings; CSA's business methods or strategies; internal CSA memoranda, emails, or other communications; pricing, volume or discount terms; profitability information; packaging; service agreement expirations; lease expirations; lease and/or service agreements; sales proposals, marketing plans and strategies; past transactions; negotiation histories; invoices; business partner information; potential customers and leads; dealer information; supplier information; information regarding distribution of CSA's products, product information, and equipment; equipment specifications; systems configurations and networking compatibility information; documents that reflect information about CSA employees; and all other confidential or trade secret business information;

   b. Initiate any contact or communication (whether oral, written, electronic, in-person, or otherwise) or engage in or accept any business with any Restricted Customer, which as used herein means, any current or prospective customer of CSA with respect to which (i) Gungap had any responsibility during his employment with CSA or (ii) Gungap had access to CSA's Confidential Information;

///

    c. Offer, enter into, or renew any contract or agreement with any Restricted Customer; and/or

    d. Take any further action on any contract or agreement previously entered into with any Restricted Customer.

  2. Plaintiff shall provide Gungap with the list of Restricted Customers.  Other than counsel of record, this list and its contents may not be shown or disclosed to anyone, and such list will be disclosed to Gungap for the sole and limited purpose of his ensuring his compliance with the terms of the order entered pursuant to this Stipulation.  Gungap shall take appropriate measure to ensure that the list of Restricted Customers is not disclosed to any other person or entity.

  3. If Gungap is contacted by any Restricted Customer, Gungap may inform such Restricted Customer that at the present time he cannot have contact with or engage in business with such customer.

  4. Gungap and his agents and employees shall preserve, and not destroy, any evidence relevant to this case, including, without limitation:  documents, files and data containing or relating to CSA's confidential, proprietary, or trade secret information, or that relate in any way to the claims alleged in CSA's Complaint or the subject matter of this litigation, or any copies of such documents.  If Gungap has multiple copies of particular documents, all originals and copies of such documents will be preserved.  Gungap will not destroy, discard, or erase any electronic storage devices where such documents have been stored.  Gungap is and has been aware that any destruction of evidence, including deletion or alternation of e-mails, text messages, voice messages, files, back-up drives, or any other data or documents, whether in electronic or paper form, will constitute spoliation of evidence and shall subject Gungap to sanctions.  Gungap's preservation obligations shall include, without limitation,

//
//
//

3

1 preserving in unaltered state any and all electronic devices which Gungap used at any
2 time since January 1, 2014, and which are in Gungap's possession, custody, or control.

Dated:  May 05, 2015

_____
The Honorable Josephine L. Staton
U.S. District Court Judge